# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*  
*Jennifer R. Gorchow, Staff Attorney*  
*William H. Clunn, III, Staff Attorney*

*Kelleen E. Stanley\**  
*Jennie P. Archer\**  
*Lu'Shell K. Alexander\**  

*\*Certified Bankruptcy Assistant*  
†*Fellow, American College of Bankruptcy*

April 5, 2021

The Honorable Jerrold N. Poslusny, Jr.  
United States Bankruptcy Court  
P.O. Box 2067  
Camden, New Jersey 08102

   **RE: Chapter 13 Bankruptcy**  
      **Case No. 20-23959 (JNP)**  
      **Debtor(s) Name: Michael D. Goldfinger**

Dear Judge Poslusny:

  Please accept this letter in lieu of a more formal response to Debtor's Motion to Sell Real Estate and Notice of Private Sale, which is returnable April 27, 2021 at 11:00 a.m.

  Debtor comes before the Court four (4) months after his Chapter 13 bankruptcy proceeding was filed on a Motion to Sell Real Estate and Notice of Private Sale. Debtor requests permission to sell his property located at 6 East Garfield Ave, Wenonah, New Jersey for $249,000.00.

  Debtor certifies that the contract is contingent upon sellers being able to resolve a judgment lien in favor of Bank of America on the property. Bank of America obtained a judgement prior to the filing of the bankruptcy case. Bank of America has not filed a proof of claim with the bankruptcy Court. Debtor listed judgment liens on Schedule E/F of the Chapter 13 Petition. Debtor's Chapter 13 Plan (Doc No. 3) Part 7 lists Bank of America Judgement. The creditor has not received proper notice that Debtor intends to avoid the lien. They have been denied the opportunity to file a claim in Debtor's case or file an objection to their treatment in the case. It is the Trustee's position that the request to avoid the judgment liens through the Motion to Sell is improper; the relief should be sought in a separate motion.

  Additionally, Debtor's plan has not been confirmed. Upon approval of the sale, the proposed Order should be amended to include language stating that the Trustee and Debtor must convey title.

  While the Trustee does not oppose the sale of Debtor's property, the Trustee respectfully requests that Debtor be required to submit an amended proposed Order to the Judge's chambers to include the following language:

Cherry Tree Corporate Center  
535 Route 38  
Suite 580  
Cherry Hill, NJ 08002  
(856) 663-5002

Payments Only:

P.O. Box 1978  
Memphis, TN 38101-1978

1. Non-Debtor co-owner is allowed 50% of the proceeds. Debtor is allowed an exemption under 11 U.S.C. § 522(d)(5) of $13,900.  All remaining sale proceeds are non-exempt and shall be forwarded to the Chapter 13 Trustee;
2. The Trustee and Debtor shall both convey title;
3. Debtor shall file Amended Schedule J within 14 days of the date of this Order removing mortgage payments relating to this property.

As always, the Court is welcome to contact the Trustee with any concerns.

    Respectfully submitted,

    */s/ William H. Clunn, III*
    William H. Clunn, III
    Attorney for Isabel C. Balboa
    Chapter 13 Standing Trustee

WHC/kt
cc:    Ronald E. Norman, Esquire (Via CM/ECF and e-mail)
       Michael Goldfinger (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**